**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**STEPHANIE KEMPER**, individually
and on behalf of other similarly
situated individuals,

        Plaintiff,

        v.                                              Civil Action No. 5:13-CV-91
                                                                   Judge Bailey

**QUICKEN LOANS, INC.**; **TITLE SOURCE,
INC.**, d/b/a Title Source Inc. of West
Virginia; and **DELMAR BARRETT**,

        Defendants.

**ORDER DENYING MOTION TO REMAND
<u>AND GRANTING MOTION TO DISMISS</u>**

Pending before this Court are Plaintiff's Motion to Dismiss Counterclaim [Doc. 8] and Plaintiff's Motion to Remand and Memorandum in Support [Doc. 10]. The Motion to Remand has been fully briefed. No response was filed to the Motion to Dismiss Counterclaim. Both Motions are ripe for decision.

**Background**

This case was originally filed in the Circuit Court of Ohio County, West Virginia, on June 13, 2013. In her Complaint, plaintiff alleges and seeks to represent a class of "[a]ll West Virginia citizens at the time of the initial filing of this action who, within two years of the date of filing this action, had or have Quicken mortgage loans that were closed by a person not licensed to practice law in West Virginia, not supervised by a West Virginia-

1

licensed lawyer, and not a bona fide full-time employee of Quicken or Title Source." [Doc. 1-1, ¶ 28].

Plaintiff seeks to recoup the allegedly excessive amounts paid for the loan closings, halt the defendants' allegedly illegal closing practices, and obtain additional relief. [Doc. 1-1, ¶ 4). Plaintiff asserts claims for: (1) unauthorized practice of law-contempt; (2) unauthorized practice of law-negligence *per se*; (3) unauthorized charges; and (4) unjust enrichment. With regard to the class, plaintiff seeks: (1) one civil penalty, available under West Virginia Code §§ 46A-5-101(1) and 106, for each loan in the class; (2) actual damages in the amount of the loan-closing/notary fee charged in connection with each loan in the class; (3) reasonable costs, including attorneys' fees, under West Virginia Code § 46A-5-104; and (4) pre- and post-judgment interest. [Doc. 1-1].

On July 17, 2013, defendants Quicken Loans, Inc. ("Quicken") and Title Source, Inc., d/b/a Title Source, Inc. of West Virginia, Incorporated ("Title Source") removed this case to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) [Doc. 1].

The plaintiff timely filed the pending Motion to Remand [Doc. 10].

## Discussion

CAFA provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which - any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The proposed class must also include at least 100 members. 28 U.S.C. §1332(d)(5)(B).

In this case, there is no dispute that the Complaint describes a class having in excess of 100 members and that the requisite minimal diversity is present. The parties further agree that neither the local controversy exception provided by 28 U.S.C. § 1332(d)(4)(A) nor the home state exception provided by 28 U.S.C. § 1332(d)(4)(B) are applicable. Rather, the dispute centers upon whether the amount in controversy requirement has been met.

"We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter. If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." **Strawn v. AT & T Mobility**, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted).

Federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.' **Md. Stadium Auth. v. Ellerbe Becket Inc.**, 407 F.3d 255, 260 (4th Cir. 2005) (internal quotation marks, citations, and alterations omitted); see also **Shamrock Oil** [**& Gas Co. v. Sheets**], 313 U.S. at 109 ('Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has

defined.' (internal quotation marks omitted))." **Palisades Collections LLC v. Shorts**, 552 F.3d 327, 333-34 (4th Cir. 2008).

"Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper. *See* **Strawn v. AT & T Mobility LLC**, 530 F.3d 293, 296-97 (4th Cir. 2008). This is true even in the context of removals pursuant to CAFA. In **Strawn,** this Court found that, while CAFA was intended to open the doors of the federal courts to class action litigants, its statutory language did nothing to reverse the long-settled principle that a defendant seeking to invoke a federal court's removal jurisdiction bears the burden of demonstrating that jurisdiction would be proper. *Id.* at 297." **Bartnikowski v. NVR, Inc.**, 307 Fed.Appx. 730, 734 (4th Cir. 2009).

"While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement - just as federal jurisdiction is pleaded in a complaint - when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." **Strawn,** *supra* at 297, citing **Ellenburg v. Spartan Motors Chassis, Inc.**, 519 F.3d 192, 200 (4th Cir. 2008).

"The question then becomes how that burden is to be satisfied. Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal. *See* **Wiggins v. North Am. Equitable Life Assurance Co.,** 644 F.2d 1014, 1016 (4th Cir. 1981). Determining the amount in controversy becomes more difficult, however, where, as here, Plaintiffs have left damages unspecified in their complaint. In this case, both parties agree that the defendant's burden in these circumstances is to establish the jurisdictional amount by a preponderance of the

4

evidence." **Bartnikowski**, *supra* at 734 (footnote omitted).

In this case, the defendants appended to their Notice of Removal a Declaration of Erin Faulkner [Doc. 1-4]. In her Declaration, Ms. Faulkner states:

1. That she is employed as Vice-President of Operations at Title Source, and her Declaration is based upon her personal knowledge and her review of company records maintained in the ordinary course of business;

2. From June 13, 2011, through June 13, 2013, Quicken and Title Source originated over 1,200 loans to 900 different borrowers in West Virginia that "involved laypersons or non-attorney notary publics (*sic*) to assist with closing the loans; and

3. That the fees associated with loans to borrowers in West Virginia were at least $600,000.

Using this data, the defendants multiply the 1,200 loans times the approximately $4,500 maximum inflation-adjusted statutory penalty under W.Va. Code §§ 46A-5-101 & 106, *see* **Hedrick v. Citimortgage, Inc.**, 2012 WL 1458086 (S.D. W.Va. April 26, 2012), resulting in $5,400,000. In addition, 1200 borrowers times the allegedly improper closing fee charged to the plaintiff of $575, results in $690,000. These two areas of damage total $6,090,000, well above the required threshold and without considering attorneys fees or punitive damages.

The plaintiff contends that Ms. Faulkner's declaration is deficient and "falls far short of meeting Quicken's burden of proving that the value of the class claims exceeds CAFA's $5,000,000 threshold." [Doc. 10, p. 3]. First, the plaintiff contends that Faulkner never explains the methodology used. Second, the plaintiff states that the affidavit deviates from

the language used in defining the class.

In *Bartnikowski v. NVR, Inc.*, 307 Fed.Appx. 730 (4th Cir. 2009), the Fourth Circuit found similar portions of a removing party's affidavit to be sufficient. It was only the unsupported assumption that class members worked five hours of overtime per week that led to the affirmation of the remand of the case. In *Bartnikowski*, the Court found that multiplying th number of months by the expected monthly amount of overtime would yield a *reasonable estimate* of the unpaid wages at stake.

The plaintiff contends that the affidavit should include the "the nature or scope of his job, his job responsibilities, or how long he has been so employed," yet provides no case law supporting such an exacting standard. In addition, the plaintiff suggests that the affidavit should include the search methodology. However, in *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013), the Eighth Circuit held that "Defendants are not required to provide a 'formula or methodology for calculating the potential damages' more accurately, as the district court held. We have specifically rejected the need for this kind of formula or methodology, as it would require a defendant to 'confess liability' for the entire jurisdictional amount. *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 945 (8th Cir. 2012) (quoting *Spivey* [*v. Vertrue, Inc.*], 528 F.3d at 986 [7th Cir. 2008]); *see also* **Lewis** [*v. Verizon Commc'ns, Inc.*, 627 F.3d at 400 [9th Cir. 2010]('To establish the jurisdictional amount, [the defendant] need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking [the defendant] to admit that at least $5 million of the billings were "unauthorized" within the meaning of the complaint.").

In reviewing such affidavits, one must bear in mind that the issue is "'not what

damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.'"). **Martin v. State Farm Mut. Auto. Ins. Co.**, 2010 WL 3259418, *5 (S.D. W.Va. August 18, 2010) (Chambers, J), quoting **Brill v. Countrywide Home Loans, Inc.**, 427 F.3d 446, 448-49 (7th Cir. 2005). Accord, **Raskas**, supra at 887 ("the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'").

In addition, "multiplying the individual damage amounts pled in the complaint by the number of persons in an alleged class is a reasonable method for determining the amount in controversy." **Martin**, supra at *5. See also **Cowit v. Citimortgage, Inc.**, 2013 WL 142893 (S.D. Ohio January 11, 2013) ("Courts routinely rely on such basic multiplication to determine whether the aggregate claims of a putative class likely exceed CAFA's threshold.")

In **Cowit**, the Court considered the Eighth Circuit's decision in **Hartis v. Chicago Title Ins. Co.**, 694 F.3d 935 (8th Cir. 2012). The Court stated:

For example, in **Hartis v. Chicago Title Ins. Co.,** 694 F.3d 935, 939 (8th Cir. 2012), the
> Eighth Circuit affirmed the denial of a remand motion in a putative class action where the plaintiff alleged that a title insurer had retained excess recording fees in real estate closings in 17 states. The complaint alleged that the insurer had collected a recording fee from Missouri residents along with more than 71,000 transactions, which multiplied by 17 (the total number of

states) yielded 1,207,000 transactions. **Id**. As a conservative estimate, the court multiplied half of this number by $12, the average of the putative class representatives' overcharges, which yielded $7,242,000. *Id.* at 946. The court found that CAFA's threshold was "easily satisfied." **Id**.

2013 WL at *6.

This Court finds that the same holds true in this case. The pleadings and declaration filed in this case are sufficient to demonstrate that the amount in controversy exceeds $5,000,000.

In her attack on the affidavit, the plaintiff relies upon ***Evans v. Technologies Applications & Service Co.***, 80 F.3d 954, 962 (4th Cir. 1996) and ***Consolidated Doors, Inc. v. Mid-America Door Co.***, 120 F.Supp.2d 759, 763 (E.D. Wis. 2000).

***Evans*** dealt with an affidavit submitted in opposition to a motion for summary judgement. Under Rule 56, such an affidavit must contain admissible evidence and be based upon personal knowledge. The same is not true of affidavits submitted in connection with a removal dispute. In ***Raskas***, *supra,* the Eighth Circuit stated:

> Plaintiffs also argue that Defendants' affidavits are insufficient to establish the amount in controversy requirement because they contain inadmissible hearsay. We reject Plaintiffs' argument. As we have recently stated, "[t]he removing party's 'burden of describing how the controversy exceeds $5 million' constitutes 'a pleading requirement, not a demand for proof.'" ***Hartis***, 694 F.3d at 944-45 (quoting ***Spivey***, 528 F.3d at 986); *see also* ***Pretka***, 608 F.3d at 755 ("The substantive jurisdictional requirements of removal do not

8

limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation - provided of course that removal is procedurally proper.").

719 F.3d at 888.

In **Consolidated Door**, the affidavit attempted to quantify anticipated business losses, without providing any information concerning the method of calculation. This is a far cry from the presentation of historical numbers.

In addition, Courts have considered whether the party seeking remand has provided no contrary evidence. In **Ray v. Wells Fargo Bank, N.A.**, 2011 WL 1790123 (C.D. Cal. May 9, 2011), the Court noted that there was no contrary evidence and no allegation that the plaintiff seeks less than $5,000,000. 2011 WL 1790123 at *7, quoting **Lewis v. Verizon**, 627 F.3d 395, 397 (9th Cir. 2010).

In **Strawn**, supra, the Fourth Circuit, in denying remand, noted that "the plaintiffs have offered nothing to suggest that the 58,800-customer figure is not an accurate number. 530 F.3d at 299.

In **Bartnikowski**, supra, Judge Wilkinson, in his dissent, stated:

The party seeking removal in a CAFA case has the burden of alleging federal jurisdiction and establishing it if challenged. **Strawn,** 530 F.3d at 298. But once petitioner has set forth a prima facie case establishing jurisdiction, the onus is on respondent to offer something of its own. See *id.* at 298-99. **Strawn** held that the petitioner in that case had met its burden by identifying

9

> the number of class members (based on the terms of the respondent's complaint) and by calculating the minimum statutory damages due each member of the class, where the respondent "offered nothing to suggest that the [figure put forth by the petitioner] is not an accurate number." *Id.* The court thus held for the petitioner based on the petitioner's calculations and the facts presented in the complaint, even though respondent's counsel even went so far as to stipulate that they would not accept an award over $5 million. *See id.* at 295, 299.

307 Fed.Appx. at 740.

The Motion to Remand will be denied.

With respect to the Plaintiff's Motion to Dismiss Counterclaim [Doc. 8], the defendants have offered no opposition. According to the plaintiff, on July 15, 2013, defendant Barrett filed an answer denying the substantive allegations of the plaintiff's complaint and asserting affirmative defenses. [Doc. 9]. The answer filed on behalf of Barrett is not of record in the file of this Court. According to the plaintiff, Barrett also asserted a counterclaim, which in its entirety reads as follows:

<ins>Abuse of Process</ins>

> Defendant Barrett assert (*sic*) that Plaintiff has abused process in this matter as the allegations set forth against this Defendants (*sic*) are without merit, unsubstantiated and frivolous. Defendant contends that he was joined in this matter without sufficient evidence to support the allegations. Accordingly, this Defendant has been damaged and seeks all available legal relief,

including his attorneys' fee and costs expended in defense.

Barrett's counterclaim must be dismissed because he has not alleged--and, indeed, cannot allege--the essential elements of abuse of process. Instead, his claim is in reality one for malicious prosecution, which can be asserted if and only if these proceedings are eventually terminated in his favor.

The elements of malicious prosecution were set forth in **Preiser v. McQueen**, 177 W.Va. 273, 352 S.E.2d 22 (1986):

> To maintain an action for malicious prosecution it is essential to prove (1) that the prosecution was malicious; (2) that it was without reasonable or probable cause; and (3) that it terminated favorably to the plaintiff.

Syl. Pt. 2, **Preiser**, *supra*.

Inasmuch as these proceedings have not been terminated favorably to defendant Barrett, the counterclaim must be dismissed.

For the reasons stated above, Plaintiff's Motion to Dismiss Counterclaim [**Doc. 8**] is **GRANTED**. Plaintiff's Motion to Remand and Memorandum in Support [**Doc. 10**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** October 2, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE